UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE L. YOUNGER,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>          Defendants. | Case No. ED CV 15-853 CJC(PJW)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Hon. Cormac J. Carney, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the Complaint be dismissed with prejudice.[1]

---

[1] This Final Report and Recommendation has been issued to address issues raised by Plaintiff in her Objections to the original Report and Recommendation. Because the Court's ultimate decision is unchanged, the parties were not given an opportunity to file additional objections.

I.

SUMMARY OF FACTS AND PROCEEDINGS[2]

Plaintiff is a lawyer. (Complaint at 2.) In August 2007, she entered into a fee agreement with a client, which she based off of a sample attorney/client agreement form that she obtained from the California State Bar. (Complaint at 7.) Although the client eventually ran out of money, Plaintiff continued to represent him during his case, and, later, in a second case. (Complaint at 7.)

In March 2012, a fee dispute arose between Plaintiff and her client. (Complaint at 7.) As a result, the client reported Plaintiff to the State Bar. (Complaint at 7.)

In March 2013, the State Bar filed charges against Plaintiff and posted them on its website. (Complaint at 7-8.) The Chief Trial Counsel for the State Bar, Defendant Timothy Byer, made an offer to settle the case, but Plaintiff declined it. (Complaint at 8.)

Thereafter, the matter proceeded to trial before the State Bar Court. That court subsequently determined that Plaintiff "could not have held an honest belief that she was entitled to the funds" and, therefore, she was guilty of misappropriation. (Complaint at 8-9.) As a result, Plaintiff was temporarily suspended from the practice of law. (Complaint at 10.)

Although Plaintiff wanted to appeal the ruling, the rules required that she pay for and obtain a copy of the transcript from the

---

[2] The facts are taken from the Complaint and its accompanying exhibits and are accepted as true. Fed. R. Civ. P. 10(c); *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) ("If a complaint is accompanied by attached documents . . . [t]hese documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim.").

hearing before she could appeal. (Complaint at 10; Complaint at Exh. 5.) Plaintiff could not afford to pay for the transcript and requested a waiver, which was denied. (Complaint at 10.) As a result, the State Bar Court's decision against her became final and she was suspended from practicing law. (Complaint at 10.)

## II.

## DISCUSSION

Plaintiff has sued the California State Bar and its chief trial counsel, Timothy Byer, claiming that they violated her due process rights in the disciplinary proceedings and that the sanctions the State Bar imposed were cruel and unusual. She complains that she was denied her right to a speedy trial and that the State Bar disproportionately targets women, non-whites, and the elderly for disciplinary proceedings, in violation of the Equal Protection Clause, the Age Discrimination in Employment Act, and the Commerce Clause. She believes that the bar's refusal to waive the fees for her appeal resulted in her being denied access to the courts. In Plaintiff's view, the State Bar Court's decision interfered with her contractual rights with her client and constituted an abuse of process. She complains further that the publication of her request for an ADA accommodation violated her privacy rights and that a letter she wrote to her client was protected by the Free Exercise Clause. Finally, she contends that one of the State Bar's arguments at trial was barred by estoppel. She seeks damages and declaratory and injunctive relief.[3]

---

[3] Plaintiff also contends that some of the California Rules of Professional Responsibility are unfair, though she does not specifically challenge them in any of her fourteen causes of action.

3

A.  Standard of Review

District courts are required to screen *in forma pauperis* complaints and dismiss those that are frivolous, malicious, or fail to state a claim upon which relief can be granted. See *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting provisions of 28 U.S.C. § 1915(e)(2)(B) not limited to prisoners); *Lorretz v. Jewish Federation*, No. 12-1055-BEN(NLS), 2012 WL 1850957, at *1 (S.D. Cal. May 18, 2012). In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations in the complaint and views all inferences in a light most favorable to the plaintiff. See *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where, as here, a plaintiff is proceeding *pro se*, the Court construes the complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam). Even so, where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief, dismissal is appropriate. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Finally, where a complaint fails to allege a basis for subject matter jurisdiction, the Court can dismiss the action at the complaint stage. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action); *see California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) (noting it is well

established that the court can dismiss an action *sua sponte* for lack of subject matter jurisdiction).

B. <u>Plaintiff's Claims Relating to the Disciplinary Action Taken by the California State Bar are Subject to Dismissal with Prejudice</u>

Generally speaking, claims that a state bar violated a lawyer's constitutional rights are not reviewable in federal court because federal courts lack jurisdiction over orders relating to the admission, discipline, and disbarment of members of a state bar. *See MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969). Such decisions may only be reviewed by the United States Supreme Court on certiorari. *Id.*; *Wu v. State Bar of California*, 953 F. Supp. 315, 320 (C.D. Cal. 1997).

It is not entirely clear whether Plaintiff petitioned the California Supreme Court for review and the petition was rejected or whether she failed to appeal the decision because she was unable to pay for the appeal. In either case, she may not proceed on her claims in this court. To the extent that she did not perfect her appeal, she cannot raise her claims in this court because the state court has never ruled on her case. *See Margulis v. State Bar of California*, 845 F.2d 215, 216 (9th Cir. 1988) ("Due to [plaintiff's] failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights."). To the extent that she did perfect her appeal and the state supreme court rejected her claims, this Court is barred from reviewing them under the *Rooker-Feldman* doctrine. *See Torres v. State Bar of California*, 245 Fed. Appx. 644, 644-45 (9th Cir. 2007) (unpublished) (affirming district court's dismissal of § 1983 claims by California attorney who was suspended from the practice of law for

5

misconduct because claims were barred by *Rooker-Feldman* doctrine); *Drum v. Supreme Ct. of State of Cal.*, 262 Fed. Appx. 783, 784 (9th Cir. 2007)(unpublished)(same). Thus, under either scenario, Plaintiff cannot proceed and, therefore, her claims are dismissed with prejudice. *See Wu*, 953 F. Supp. at 320-21, n. 11 (dismissing § 1983 challenge to outcome of state bar disciplinary proceedings and noting that *Margulis* and *Feldman* "achieve the same ends by different means").

In her Objections, Plaintiff contends that the action is not barred by *Rooker-Feldman* because she is not challenging her order of suspension by the State Bar, but, rather, the constitutionality of the State Bar's practices. Again, the Court disagrees.

As the Supreme Court has explained, there is a distinction between a general challenge to a state bar's rules and a specific challenge to a state bar's decision in a particular case. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 485-86 (1983). Federal district courts lack jurisdiction over claims regarding the latter, even if a plaintiff cloaks her allegations in the language of the federal Constitution and/or federal law. *Id.* at 486 (federal district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional").

That is what Plaintiff is doing here. Her real complaint is that she was suspended from practicing law. Her attempt to turn that complaint into a federal case by wrapping her allegations in the language of the federal Constitution and federal law does not change that fact. All of her claims are inextricably intertwined with the State Bar Court's order suspending her from practice and, therefore,

the Court is without authority to address them. *See Mothershed v. Justices of Supreme Ct.*, 410 F.3d 602, 607 (9th Cir. 2005) (affirming district court's dismissal of due process challenge to state bar disciplinary finding); *Giannini v. Real*, 711 F. Supp. 992, 995-96 (C.D. Cal. 1989) (dismissing due process claims that would require court to directly review state court's ruling); *Martin v. State Bar of California*, No. 11-3601 CW, 2012 WL 1225763 (N.D. Cal. Apr. 11, 2012) (dismissing request to review attorney disciplinary proceeding before California State Bar and order disbarring him).[4]

Plaintiff disagrees. She contends that she is raising a federal case because, for instance, she has alleged that the State Bar's rules and practices generally discriminate against women, the elderly, and minority groups. But these allegations are mere context for her real claim, i.e., that her suspension from practicing law was improper. (Complaint at 1-3, 12.) Because Plaintiff's constitutional challenges arise out of her particular judicial proceedings in state court, she may not proceed on them in this court.[5]

---

[4] Despite Plaintiff's assertions to the contrary, the proceedings at issue were not criminal in nature and, therefore, she cannot state a cognizable speedy trial claim. *See* U.S. Const. Amend. XI; *see also Rosenthal v. Justices of the Supreme Ct. of California*, 910 F.2d 561, 564 (9th Cir. 1990) ("A lawyer disciplinary proceeding is not a criminal proceeding.").

[5] To that extent that the Complaint could be liberally read to include a general constitutional challenge to State Bar practices under the Commerce Clause, Plaintiff has failed to state a cognizable claim. (Complaint at 13.) She has alleged no facts in support of her claim that would suggest such practices unduly burden interstate commerce. *See Hass v. Oregon State Bar*, 883 F.2d 1453, 1462 (9th Cir. 1989) (scrutiny under Commerce Clause triggered either where there is affirmative discrimination against transactions in interstate commerce or incidental burdens to interstate transactions).

C. <u>Defendants are Entitled to Immunity</u>

Even were the claims not barred for the reasons set forth above, Plaintiff's suit for money damages against the California State Bar and its chief trial counsel would still be subject to dismissal with prejudice because Defendants are cloaked with immunity under the Eleventh Amendment to the U.S. Constitution. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hirsch v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *Dydzak v. California*, No. 08-7765-VAP (AGR), 2009 WL 499745, at *11 (C.D. Cal. Feb. 26, 2009) ("The Eleventh Amendment bars a suit for monetary relief from state entities, including. . . [the] State Bar of California, Board of Governors of the State Bar of California, and the State Bar Court [including the state bar prosecutor].").

## III.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Final Report and Recommendation, and (2) dismissing the Complaint with prejudice.[6]

DATED: August 7, 2015

*[signature]*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\YOUNGER\Final RR Weds.wpd

---

[6] Because it is clear that there is nothing Plaintiff could do to remedy the defects in the Complaint or to overcome Defendant's Eleventh Amendment immunity, dismissal is without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (leave to amend should be granted unless amendment could not possibly cure the defects in the complaint).